Arnold P. Etelson, J.
Defendant has been charged with the crime of unlawful imprisonment in the first degree in violation of section 135.10 of the Penal Law. He is alleged to have, in the company of two other males, placed a knife to the neck of the female complainant ih-the latter’s automobile and restrained her from leaving the automobile while driving her away. In a deposition filed with this court the complainant stated that she was raped by the defendant and the other two males. One of the other males is a codefendant facing a charge of unlawful imprisonment in .the second degree, a class A misdemeanor. The third male was not apprehended. A preliminary hearing was held before this court to determine whether there was suffi *713 cient cause to believe that the alleged felony was committed and, if so, the same was committed by the defendant.
This court is asked to consider what in the last several years has been a most troublesome subject concerning the requirement of corroborations in sex offenses. The Court of Appeals at this date appears to be divided 4-3. The ramifications of the liberal extension of the corroboration rule suggest that the whole concept of corroboration should be further studied by the Legislature.
The precise question before the court is whether a complainant who testifies that she was raped, may, without corroboration, make out a prima facie case of a consummated antecedent act (unlawful imprisonment) committed in aid of effecting the rape.
The court is of the opinion that People v. Young (22 N Y 2d 785) mandates that the question be answered in the negative. This court, although disagreeing with the decision in Young and more inclined towards the decision of the Appellate Division in that case, is of the opinion that the law as applied to the facts in that case is binding on the instant fact situation. There is mentioned in People v. Sigismondi (49 Misc 2d 1) later affirmed (21 N Y 2d 186) the advisability of the People’s appealing the court’s reluctant decision. The extreme closeness of the recent decisions causes one to speculate as to what decision the highest court of the State will arrive at in the future.
The history of the corroboration rule, which originated with respect to charges of rape and defilement, is aptly set forth by Justice Shapiro in People v. Sigismondi (supra) and most recently in People v. Doyle (infra). The rationale of the Court of Appeals, stated in People v. Lo Verde (7 N Y 2d 114) i's that the People should not be permitted to avoid the corroboration rule by charging a lesser related crime. The paradoxical result has been alluded to by Associate Judge Scileppi’s dissenting opinion in the Court of Appeals: a defendant who takes a female to a remote area may be convicted of no crime if he rapes her; yet be convicted of an assault or other crime if he falls short of his lust (People v. Radunovic, 21 N Y 2d 186.)
The Legislature saw fit to expand the corroboration rule to all of the sex crimes except sexual abuse in the third degree. (See section 130.15 of the Penal Law, successor to section 2013.) This would allow for the conviction of that lower class crime without corroboration. However, over the vigorous dissent by Presiding Justice Beldock of the Appellate Division, Second Department, the majority of the court decided that where a rape had allegedly been committed, a conviction could not be *714 had for the less serious related crime of sexual abuse in the third degree, unless there be corroboration (People v. Doyle, 31 A D 2d 490).
The law at this date appears to be as follows: no person shall be convicted of any sex offense or attempt thereof, or of any offense constituting facts which aided in or effected such consummated or attempted sex act, without corroboration, where the testimony bears out the commission or attempted commission of the sex act. The one exception is sexual abuse in the third degree where that is the essence of the complaint. This of course, leaves open the possible conviction for an independent charge such as larceny or robbery even though such act takes place 'at the same time as the consummated or attempted sex act. (People v. Moore, 23 N Y 2d 565; People v. Lennon, 22 N Y 2d 677.)
The alleged unlawful imprisonment is stated to have occurred where the defendant entered the complainant’s automobile, at a place about one mile from the scene of the alleged rape and perhaps an hour or more prior thereto. The instant charge could well have been reckless endangerment, menacing or harassment and would have been labeled an appropriate degree of assault under the former Penal Law. Such act may be said to have been consummated. Yet the corroboration rule as recently extended by the Court of Appeals appears to apply to any act which aided in effecting or attempting a rape or other sex act. The simple assault which was alleged to have occurred in People v. Young (22 N Y 2d 785, supra) was an antecedent act which tended toward effecting the subsequent alleged rape, analogous to the restraint in the complainant’s automobile. Were it not for the decision of People v. Young, this court would hold that corroboration is unnecessary to sustain a conviction for an antecedent consummated act, not amounting to a sex offense by itself. Lo Verde extended the corroboration requirement to a charge of endangering the health and morals of a minor. To extend that rule to a nonsex offense as has been done by succeeding cases is unfortunate. Although the Legislature itself has expanded the rule in the new Penal Law by including all sex offenses except one, and attempts thereof, substantially broadening former section 2013, this court is of the opinion that the Legislature should restudy the corroboration rule concerning sex offenses which rule may now be questioned to an even greater extent than done by Wigmore (People v. Doyle, 31 A D 2d 490, 492, supra).
For the reasons stated the court reluctantly holds that the information be dismissed and the defendant be discharged.